JUDGE FORREST

13 CV 3012

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date:
To be scheduled

*In re the Matter of the Arbitration between*

GENERAL COMPONENTS, INC.,

              Petitioner,

      v.

FUJIKIN INC.,

              Respondent.

Civil Action No.

District Judge



### GENERAL COMPONENTS, INC.'S
### PETITION TO VACATE ARBITRATION AWARD

Pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, Petitioner General Components, Inc. ("GCI") hereby petitions this Court to vacate the Partial Final Award entered against GCI and in favor of Respondent Fujikin, Inc. ("Fujikin") on February 7, 2013 (the "Award") in Matter No. 50 133 T 00321 11 (the "Arbitration") pending before an International Arbitration Tribunal of the International Centre for Dispute Resolution ("ICDR").

## I.    <u>Introduction</u>

The dispute in the underlying Arbitration in this matter arises in connection with a Patent License Agreement ("PLA") into which GCI and Fujikin entered on July 8, 1994. (PLA, Ex. 1.) On June 20, 2001, GCI filed a complaint for patent infringement against Fujikin in the United States District Court for the District of Maryland. (Cmplnt., Ex. 10.) On July 9, 2002, the District of Maryland dismissed GCI's complaint in favor of arbitration, having determined that GCI's patent dispute with Fujikin was subject to the arbitration provision of the PLA. (Mem. Opinion, Ex. 11.) Thus, Fujikin has long been aware of GCI's claims against it. Just a year after the District of Maryland's order, an anonymous third party (which could have been Fujikin itself) filed a request for and instituted an ex parte reexamination proceeding in the United States

Patent and Trademark Office ("the PTO") with respect to GCI's '464 patent at issue in the underlying Arbitration. (Serial No. 90/006,707, Request for Ex Parte Reexamination, July 11, 2003, Ex. 4.) GCI's patent remained in reexamination limbo for the next seven years, until it emerged with the validity of all claims confirmed and additional claims allowed. ('464 Patent, Ex Parte Reexamination Certificate (8010th), February 8, 2011, Serial No. 90/006,707, Ex. 7.) GCI filed its demand in the underlying Arbitration shortly thereafter.

The Second Circuit recently confirmed that an arbitral award may be vacated if the award is made "in manifest disregard of the law." *Data & Development, Inc. v. InfoKall, Inc.*, 2013 WL 950748, at *1 (2nd Cir. March 13, 2013). The Award in the underlying Arbitration in this case was made in manifest disregard of the law because the Arbitration Panel ignored explicitly applicable Federal Circuit law, resulting in an erroneous outcome. The law that applies to GCI's "excusable delay" argument is clearly defined, explicit, and not reasonably subject to debate. In rendering the Award, the Arbitration Panel refused to heed that law. Accordingly, the Award must be vacated and the matter remanded to the Arbitration Panel for further proceedings.

## II.   Relevant Factual Background

GCI and Fujikin executed the PLA on July 8, 1994. (PLA, Ex. 1.) Pursuant to section 8.12 of the PLA, the parties agreed that "[a]ny dispute with respect to the interpretation, application or enforcement of this Agreement shall be subject to binding arbitration pursuant to the International Arbitration Rules of the American Arbitration Association then in effect. . . ." (PLA § 8.12, Ex. 1.) On May 18, 2011, GCI filed its Demand for Arbitration against Fujikin in the underlying Arbitration. (Arbitration Demand, 5/18/2011, Ex. 2.) In its Arbitration Demand, GCI brought claims alleging Fujikin's breach of the PLA on a number of grounds. (*Id.*) Recognizing that certain time-bar defenses Fujikin raised with respect to GCI's arbitration claims, in the interests of economy, the parties stipulated to an early briefing schedule for these "threshold" issues. (Scheduling Order, 3/15/2012, Ex. 3.)

2

On July 11, 2003, in the midst of an ongoing dispute between GCI and Fujikin over the GCI technology that is the subject of the PLA, an anonymous third party filed a request for and instituted an *ex parte* reexamination proceeding in the United States Patent and Trademark Office ("the PTO") with respect to GCI's '464 patent at issue in the underlying Arbitration. (Serial No. 90/006,707, Request for Ex Parte Reexamination, July 11, 2003, Ex. 4.)  Documents that Fujikin produced in this arbitration make clear that, by May 10, 2004 at the latest, Fujikin was aware of the reexamination proceeding.  (FUJ000166-67, Ex. 5 at 2 § 5 (May 10, 2004 letter from Fujikin's Executive Operating Officer and Intellectual Property Department Manager informing Ultra Clean Technology that "for your information, GCI USP No. 5,505,464 is presently undergoing reexamination procedures at the US Patent and Trademark Office, as you can see by visiting the website."); FUJ000225-26, Ex. 6 at 1 (August 1, 2008 letter from Fujikin of America's Executive Vice President advising Mott Corporation that Mr. McGarvey of GCI "has continued to petition the US Patent office over the last few years" and that "[a]ll of his petitions have been denied including the last one which was issued by the US Patent office on June 2, 2008.").)   On February 8, 2011, more than seven years after the reexamination proceeding began, the PTO issued an Ex Parte Reexamination Certificate confirming the validity of claims 1-23 of GCI's '464 patent and allowing new claims 24-26.  ('464 Patent, *Ex Parte* Reexamination Certificate (8010th), February 8, 2011, Serial No. 90/006,707, Ex. 7.)  Notably, GCI filed its Demand in the underlying Arbitration on May 18, 2011, just a little more than three months after the reexamination certificate issued on February 8, 2011.  (*See* Exs. 2, 7.)

In responding to Fujikin's time-bar defenses in the Arbitration, GCI explained that any alleged delay in filing its May 18, 2011 Arbitration Demand was legally excusable under Federal Circuit law by virtue of the long-pending (more than seven years) reexamination proceeding. (GCI's Amended Resp. in Opp'n to Fujikin's Mot. for Judgment on the Issue of Time-Bar Defenses at 15-18 (exhibits omitted for convenience), Ex. 8.)  GCI didn't advance this argument

3

in a conclusory manner: it specifically cited to, quoted from, and relied on the rule articulated by the Federal Circuit in *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870 (Fed. Cir. 1991), which holds that patent reexamination proceedings give rise to excusable delay with respect to claims the patentee later pursues concerning his or patent rights. (GCI's Amended Resp. at 16-18, Ex. 8.)[1]

On February 7, 2013, the Arbitration Panel entered a Partial Final Award granting Fujikin's motion for judgment on the issue its time-bar defenses. (Partial Final Award, Ex. 9.) The Award "was made in New York, New York." (*Id.* at 7.) In its reasoned decision on the Award, the Arbitration Panel altogether ignored the clear and explicit rule of *Vaupel*. Specifically, rather than addressing that law, the Arbitration Panel summarily determined that GCI's delay in filing its arbitration demand was not excused by virtue of the lengthy reexamination proceeding addressing the validity of GCI's '464 patent. (Partial Final Award, Ex. 9 at 5 ("The reexamination of the '464 patent is not an excuse for the failure to seek relief under the PLA."); *id.* ("The reexamination was no excuse for GCI's inaction.").) This finding was dispositive of the Panel's Award barring GCI's claims in this Arbitration.

Pursuant to the provisions of the Federal Arbitration Act and the law of the Second and Federal Circuits, GCI petitions this Court to vacate the Award on the grounds that it is made in manifest disregard of binding Federal Circuit law concerning excusable delay in the context of time-bar defenses.

---

[1] Even putting aside GCI's lengthy discussion of *Vaupel* in its opposition brief, Fujikin cannot credibly argue that the Arbitration Panel was unaware of the Federal Circuit's *Vaupel* opinion. Fujikin specifically mentioned GCI's reliance on this Federal Circuit law in a letter to the Arbitration Panel opposing GCI's motion to amend its opposition (which motion the Panel granted). (H. Levin letter to Panel at 2, 8/31/2012 (arguing that Fujikin's time-bar defenses do not relate to "a patent infringement allegation governed by Federal Circuit law"), Ex. 12.)

## III.   Applicable Legal Standard

The Second Circuit "recognize[s] manifest disregard of the law as a permissible ground for vacatur." *Agility Public Warehousing Co. v. Supreme Foodservice GmbH*, 495 Fed. Appx. 149, 153 n.2 (2nd Cir. 2012). In *InfoKall*, the Second Circuit clarified the test that a party such as GCI must meet in order for a reviewing district court to vacate an arbitration award based on manifest disregard. *InfoKall*, 2013 WL 950748, at *1. Specifically, the standard for vacatur is met "if the arbitrator ignored or improperly applied clear and explicitly applicable law to the matter before it, leading to an erroneous outcome." *Id.* (citing *T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2nd Cir. 2010). The courts of this circuit consider three factors in making the manifest disregard analysis: "(1) whether the law allegedly disregarded was clear and explicitly applicable to the matter in dispute; (2) whether the law was in fact improperly applied and led to an erroneous outcome; and (3) whether the arbitrators had actual, subjective knowledge of the law's existence and applicability." *Agility*, 495 Fed. Appx. at 154. Further, "[w]hen an arbitrator does not explain its decision, '[courts in the Second Circuit] will confirm it if a justifiable ground for the decision can be inferred from the facts of the case.'" *Id.* (quoting *T.Co. Metals*, 592 F.3d at 339). This standard is met in the instant case.

## IV.   The Arbitration Award In This Case Was Made In Manifest Disregard Of The Law

The Arbitration Panel in this case exceeded its legal authority and entered the Award in manifest disregard of clearly defined Federal Circuit law. Under the Second Circuit's standard, the Award cannot stand. This Court should enter an Order vacating the Award.

### A.   The Arbitration Panel Ignored Law That Is Clear And Explicitly Applicable To GCI's "Excusable Delay" Defense

The Federal Circuit's law concerning "excusable delay" is clearly defined, not subject to reasonable debate, and explicitly applicable to GCI's "excusable delay"

response to Fujikin's laches and waiver defenses.  In *Vaupel*, the court held that "[a] patent owner may avoid the consequences of what would otherwise be an unreasonable delay in filing suit by establishing that he or she was engaged in 'other litigation'" and that proceedings in the Patent and Trademark Office involving validity and patentability "should be treated similarly to infringement litigation for purposes of laches."  944 F.2d at 876-77.  The rule in *Vaupel* is not only clearly defined, but the Federal Circuit has also reiterated this rule in other cases as well.  *See, e.g., Serdarevic v. Advanced Medical Optics, Inc.*, 532 F.3d 1352, 1359 (Fed. Cir. 2008) ("We held in *Vaupel* that the patentee's delay in bringing its infringement action was excusable because the patent owner was engaged in 'other litigation' – namely, the reissue proceedings."); *Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1293 (Fed. Cir. 1992) ("Delay may be excused by a host of factors, including involvement in other litigation."); *accord TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 583 (E.D. Tex. 2007) ("Involvement in other litigation may excuse a party from a delay in suit which gives rise to a laches defense.  Additionally, patent reexamination proceedings should be treated similarly to infringement actions for the purposes of laches.").

The Federal Circuit has also clarified that in analyzing excusable delay in the context of a laches defense, "notice to a defendant of the existence of the other proceedings and the patentee's intent to enforce its rights against the alleged infringer at the conclusion of other litigation" are "far from a hard and fast requirement." *Hemstreet*, 972 F.2d at 1293.   Instead, the Federal Circuit's standard requires "equitable flexibility: 'The equities may or may not require that the plaintiff communicate its reasons for delay to the defendant.'"  *Id.* (quoting *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1033 (Fed. Cir. 1992)).

6

As noted above, in the underlying Arbitration there is no doubt that Fujikin was well aware of the reexamination proceeding involving GCI's '464 patent.  At the latest, Fujikin was aware of the reexamination just ten months after the July 11, 2003 Request for *Ex Parte* Reexamination was filed.  (*See* FUJ000166-67, Ex. 5 at 2 § 5; FUJ000225-26, Ex. 6 at 1.)  The rule of *Vaupel* is clearly applicable to the "excusable delay" issue in the underlying Arbitration.

**B.    The Arbitration Panel Ignored Or Improperly Applied The *Vaupel* Rule, Leading To An Erroneous Outcome**

Central to the Arbitration Panel's determination that GCI's claims against Fujikin are barred by the equitable defenses of waiver and laches is the Panel's conclusion that GCI "fail[ed] to initiate arbitration for so many years" and that GCI's conduct in this regard constituted "unreasonable delay."  (Partial Final Award at 4-5, Ex. 9.)  As discussed above, however, any delay by GCI in pursuing its arbitration claims against Fujikin was legally excused by the lengthy reexamination proceeding involving the '464 patent – a proceeding of which Fujikin was well aware for almost the entirety of its pendency and one that the Federal Circuit defines as "other litigation" for the purposes of analyzing time-bar defenses.  *Vaupel*, 944 F.2d at 876-80 (delay during PTO proceedings was not to be considered in deciding whether the action was barred by laches or estoppel).  It is undisputed that GCI filed its arbitration demand on May 18, 2011, just a little more than three months after the reexamination certificate for its '464 patent issued on February 8, 2011.  Thus, under Federal Circuit authority, GCI was more than diligent in pursuing its claims against Fujikin.

Notwithstanding the clearly defined rule of *Vaupel* and its progeny, and despite the fact that the Arbitration Panel specifically recognized and addressed GCI's "excusable delay" argument, the Panel refused to heed binding Federal Circuit law on this issue.  (*See* Partial Final Award at 5, Ex. 9 ("The reexamination of the '464 patent is not an excuse for the failure to seek

7

relief under the PLA."); *id.* ("The reexamination was no excuse for GCI's inaction.").)  Despite the Arbitration Panel's manifest disregard for Federal Circuit law, as "other litigation," a reexamination proceeding indeed justifies and excuses a party's delay in bringing suit.  These circumstances warrant vacatur under the Second Circuit's standard for manifest disregard of the law.

### C. The Arbitration Panel Had Actual, Subjective Knowledge Of *Vaupel*'s Existence And Applicability

The Arbitration Panel had actual and subjective knowledge of the rule in *Vaupel* and its applicability to GCI's "excusable delay" defense.  GCI devoted four pages of its opposition brief explaining the doctrine of "excusable delay" and citing to and quoting from *Vaupel*.  (GCI's Amended Resp. at 15-18, Ex. 8.)  The Arbitration Panel in this case includes three patent attorneys, who were expressly presented *Vaupel* and surely recognized this case as binding Federal Circuit law.  Indeed, the Panel devoted an entire paragraph of its Award to discussing GCI's "excusable delay" defense but ignored *Vaupel* in doing so.  (Partial Final Award, Ex. 9 at 5.)  Under the circumstances, it is quite clear that the Panel "ignored or improperly applied clear and explicitly applicable law to the matter before it, leading to an erroneous outcome."  *InfoKall*, 2013 WL 950748, *1.  Vacatur of the Award is appropriate.

## V. Conclusion

For the foregoing reasons, GCI respectfully seeks an Order vacating the Arbitration Panel's Partial Final Award and remanding the matter to the Panel for further proceedings.

Dated:    3 May 2013
          New York, NY

                              Respectfully submitted,


                              _____

8

Dayton P. Haigney (DH-3455)
**Local Counsel for Petitioner**
**General Components, Inc.**
233 Broadway, 10th Floor
New York, NY 10279
Phone: (212) 557-5590
E-mail: DPHLAW@msn.com


Matthew G. McAndrews (MM-3915)
**Counsel for Petitioner**
**General Components, Inc.**
*Pro Hac Vice* Admission Pending
Niro, Haller & Niro
181 W. Madison Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Facsimile: (312) 236-3137
E-mail: mmcandrews@nshn.com